Rev 5, LLC v Congregation Beth Elohim (2024 NY Slip Op 04087)

Rev 5, LLC v Congregation Beth Elohim

2024 NY Slip Op 04087

Decided on July 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
CARL J. LANDICINO, JJ.

2022-05553
 (Index No. 502617/18)

[*1]Rev 5, LLC, appellant, 
v
Congregation Beth Elohim, respondent, et al., defendants.

Dealy Silberstein & Braverman, LLP, New York, NY (Laurence J. Lebowitz of counsel), for appellant.
Schindler Cohen & Hochman LLP, New York, NY (Steven R. Schindler and Jenny C. Gu of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated June 21, 2022. The order denied the plaintiff's motion for summary judgment on the amended complaint and granted the cross-motion of the defendant Congregation Beth Elohim for summary judgment dismissing the amended complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
In 2003, Union Temple of Brooklyn (hereinafter Union Temple), the predecessor in interest to the defendant Congregation Beth Elohim (hereinafter CBE), entered into an agreement with the defendant Seventeen Development, LLC (hereinafter Seventeen), for the sale of a parcel of land adjoining Union Temple's temple. Pursuant to the agreement, Seventeen would construct a residential condominium building on the parcel and, in exchange for the sale of the property (hereinafter the condominium property), it would pay Union Temple a certain sum of money, make certain improvements on Union Temple's adjacent property, and create a ground floor unit in the new condominium building that would adjoin the existing temple and serve as an entrance to the temple. The ground floor unit was referred to as the Temple Condo Unit, and, at closing, those parties entered into a Declaration of Convenants, Restrictions and Easements (hereinafter the Declaration), which provided that the Temple Condo Unit would be conveyed to Union Temple, that
such interest would be superior to all mortgages, liens, or other encumbrances to title, and that the recording of the Declaration would serve as notice of its terms to all successors and assigns of Seventeen. The Declaration was recorded on May 5, 2005.
Seventeen entered into a purchase money mortgage encumbering the condominium property, which was recorded after the Declaration, so as to effect the agreement that the terms of the Declaration were to be superior to any subsequently recorded mortgage. Seventeen subsequently entered into two additional mortgages in exchange for loans for the construction of the condominium building, which burdened the condominium property subject to the Declaration. Seventeen defaulted on its obligations under all three loans, and the three mortgages all were assigned to the plaintiff, Rev 5, LLC. Notably, all three assignments listed the condominium units that were subject to the mortgage, and none included the Temple Condo Unit. In addition, the principals of the plaintiff executed a guaranty in relation to the assignment of the mortgages, which also identified the condominium units that were encumbered by the mortgages, and which likewise did not include the Temple Condo Unit.
The plaintiff commenced this action against Union Temple, among others, seeking specifically to foreclose upon the Temple Condo Unit. The plaintiff moved for summary judgment on the amended complaint. CBE, as successor in interest to Union Temple, cross-moved for summary judgment dismissing the amended complaint insofar as asserted against it. In the order appealed from, the Supreme Court determined that the subject mortgages did not encumber the Temple Condo Unit, and it therefore denied the plaintiff's motion and granted CBE's cross-motion. The plaintiff appeals.
The proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact from the case (see Alvarez v Prospect Hosp. , 68 NY2d 320, 324; Winegrad v New York Univ. Med. Ctr. , 64 NY2d 851, 853). Once such a showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action (see Alvarez v Prospect Hosp. , 68 NY2d at 324; Zuckerman v City of New York , 49 NY2d 557, 562).
Here, in support of its cross-motion for summary judgment dismissing the amended complaint insofar as asserted against it, CBE established, prima facie, that the subject mortgages assigned to the plaintiff did not encumber the Temple Condo Unit. In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the cross-motion and denied the plaintiff's motion for summary judgment on the complaint.
BRATHWAITE NELSON, J.P., MALTESE, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court